EBENEZER SPROUL *vs.* EBEN F. PILLSBURY.

Penobscot.    Opinion December 30, 1880.

*Libel.    Pleadings.*

In a declaration for publishing a libelous article in a newspaper it is not
necessary to aver that the publication was made to divers persons or: to any
third person; it is enough to aver that the libel was printed and published
in a newspaper.

ON EXCEPTIONS.

Case, to recover damages for an alleged libel.    The defendant
demurred to the declaration.    The court overruled the demurrer
and held the declaration good.

The opinion states the case.

*Barker, Vose and Barker,* for the plaintiff, cited: *Bailey* v.
*Myrick,* 50 Maine, 181.

*Mace and Robinson* and *J. H. Potter,* for the defendant.

In civil suits for libel the gist of the action is publication.    It
is the material part and must be alleged.    Publication is an
ambiguous term, employed sometimes to signify the matter
published, sometimes the act of publishing only, and sometimes
an act of publishing such as may subject the publisher to legal
liability.    Townshend on Slander and Libel, § 96, p. 137.

The declaration in either count merely states that defendant
printed and published the libel in a newspaper, called the Daily
Standard.    The word "published" as here used is synonomous
with the word "printed" or inserted, and simply means the act
of "putting in print," "inserting in the paper."

No possible form of words can confer a right of action, for
slander or libel unless there has been a publication to some third
person.    Townshend on Slander and Libel, § 75, p. 138; 2
Starkie on Libel, citing 1 W. Saund. 132, note 2; *Phillips* v.
*Jansen,* 2 Esp. 624; *Rex.* v. *Wegener,* 2 Starkie, case 245;
*Weir* v. *Hoss,* 6 Alabama, 881; 3 Yeaton, Penn. 128.

The precedents require it to be stated that the publication was to divers and sundry third persons. Oliver's Prec. New Edition, pages 606, 608.

Writing and publishing (printing) a libel and publishing (reading) it only to the person libeled does not subject the writer and such publisher to a civil action for damage. *Phillips* v. *Jansen*, 2 Esp. 624; *Delacroix* v. *Thevenot*, 2 Starkie, case 63; *Fonville* v. *Nease*, Dudley (S. C.) 303; *Rix* v. *Payne*, 5 Mod. 165.

The above rule is of substance and not merely of form.

PETERS, J. The declaration avers that the defendant "printed and published a libel" in a certain newspaper named. The declaration is objected to, because it does not aver that the libel was published by the defendant "to divers and sundry persons or to any third person."

Such an averment is unnecessary. None of the forms in either civil or criminal cases require it. To publish is to make public. A publisher is one who makes a thing publicly known. Had the allegation been merely that the defendant "printed" a libel, that would not have been enough. But to aver that a defendant "published" a libel, does declare that he circulated it or caused it to be circulated "among divers and sundry persons." The degree of notoriety given to the publication is matter of proof and not of pleading. *Com.* v. *Blanding*, 3 Pick. 304; *Com.* v. *Varney*, 10 Cush. 402; *State* v. *Barnes*, 32 Maine, 530; *Rex.* v. *Burdett*, 4 Barn. and Ald. 95; *Bailey* v. *Myrick*, 50 Maine, 171.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.